## KEKENES v. RAWLSON & CO., Inc., et al.

Circuit Court, Dade County.

August 23, 1951.

116

Joe Creel of Taylor, Burr & Creel, Miami, for plaintiff.

Glynn O. Rasco and R. K. Bell, both of Miami, for defendant Rawlson & Co., Inc.

William F. Reinhardt of Ross & Reinhardt, Miami, for defendant N. Hillman.

VINCENT C. GIBLIN, Circuit Judge.

By the lease agreement on which this action is based the plaintiff lessor was given the option, should any of the rent payable "remain due and unpaid for a space of five days after the same shall become due," to accelerate and make immediately due and payable "the entire rent for the entire term." He was given the further option, in the event of default in the payment of rent, to "take possession of the premises and rent the same for the account of the lessee."

After the execution of the lease agreement (on February 22, 1947) the leasehold interest was assigned (on November 26, 1947), with the plaintiff lessor's consent, by the original lessee, the defendant Rawlson & Co., Inc., to the defendant N. Hillman and one A. Maret. The defendant corporation, however, by its express written agreement, remained liable, with the assignees, to the plaintiff lessor "for the faithful performance of all of the terms and conditions of the said lease." Later (on January 27, 1948) the assignee Maret assigned

his interest in the leasehold to his co-assignee, the defendant Hillman, and the plaintiff lessor released Maret from all obligations and liabilities to the lessor under the lease agreement.

Because of the default of the defendant tenant Hillman in the payment of rent the plaintiff lessor exercised his option to accelerate and make immediately due and payable "the entire rent for the entire term" (which extends to and includes August 31, 1952). The option to "take possession of the premises and rent the same for the account of the lessee" was also exercised. The defendant tenant (Hillman), however, refused to surrender possession and the plaintiff lessor, asserting his right to "take possession of the premises and rent the same for the account of the lessee," recovered possession *for such purpose* in eviction proceedings. He has been in possession, renting the demised premises "for the account of the lessee", since August 18, 1950.

The plaintiff lessor sues in this action for the recovery from the defendant corporation (the original lessee) and the defendant Hillman (the assignee of the leasehold interest) of the unpaid rent for the entire term, less the amounts he has realized by renting the demised premises "for the account of the lessee."

I find no inconsistency in the two optional clauses to which I have adverted, both of which, I think, are valid and enforceable. By prosecuting the eviction proceedings to judgment, under which he recovered possession of the premises, the plaintiff lessor did not, in my opinion, invoke a remedy inconsistent with his right to accelerate the rent. It is clear that he reentered possession in the exercise of his right (confirmed by the court's judgment in the eviction proceedings) to do so for the purpose of renting the premises "for the account of the lessee." I can find no logic in the contention that by insisting on his right to possession for such purpose he made an election which precludes his recovering the unpaid rent for the entire term (less, of course, the amounts realized by renting the premises since his reentry). It is my judgment that he is entitled to such recovery. He will remain, of course, under the duty to continue, until the expiration of the term of the lease, to rent the property for the highest obtainable rent and to receive and disburse collected rents as trust funds. This does not mean that he must await the expiration of the

term before seeking a judgment for the accelerated rent. He is entitled to that *now* under the agreement by which the parties are bound.

The defendant corporation contends that because the plaintiff lessor, without its consent, released the assignee Maret from all obligations and liabilities under the lease agreement (on his assignment of his interest in the leasehold to the defendant Hillman), it too was released by operation of law from such obligations and liabilities. In my opinion there is no merit in the contention. As I have pointed out, when the defendant corporation procured the plaintiff lessor's written consent (which was required) to its assignment of the leasehold interest it specifically agreed (in consideration for such consent) to remain liable to the plaintiff lessor "for the faithful performance of all of the terms and conditions of the lease." It imposed no duty on either of its assignees to procure its consent as a prerequisite to his subsequent assignment of his interest in the leasehold. Furthermore, the assignee released by the plaintiff lessor is still contractually obligated to the defendant assignor, Rawlson & Co., Inc. It is in no worse position now than it was before the assignment by Maret to the defendant Hillman.

I have considered all other questions raised and am of the opinion that the plaintiff is entitled to the judgment he seeks.

It is specifically provided in the lease agreement that if it should become necessary for the lessor to collect rent "by suit or through an attorney, the lessee will pay the lessor a reasonable attorney's fee not to exceed 10% of the amount so collected or found due." It was stipulated at the trial that if such fee is allowable the amount thereof should be determined by the court without the introduction of expert testimony as to the value of the services rendered by the plaintiff lessor's attorneys in this action. I find that the fee is allowable and that the reasonable value of such services is $1,020 (ten percent of the amount of the rent due).

It is ordered and adjudged that the plaintiff, Peter E. Kekenes, Trustee, have and recover of and from the defendants, Rawlson & Co., Inc., a Florida corporation, and N. Hillman (also known as Nathan Hillman), the sum of eleven thousand, two hundred and twenty dollars ($11,220), together with his costs in this behalf expended (hereby taxed) in the sum of $24.45, for all of which let execution issue.